IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00148-KD-N |
| | ) |
| ALYSON DENISE FREEMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Unopposed Motion for Release of Restitution Lien and Distribution of Restitution Amount filed by Gilbert Street Realty LLC (doc. 37). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

A. Background

Defendant Alyson Denise Freeman pled guilty and was convicted of bank fraud and aggravated identity theft (doc. 24). In December 2009, she was sentenced to serve a total of 30 months.  As a special condition, Freeman was ordered to pay restitution in the total amount of $197,323.81 comprised of $42,898.81 to Thomas Ward, $69,425.00 to Regions Bank, and $85,000.00 to Cincinnati Insurance Company, the victims.  Ward has priority over Regions Bank and Cincinnati Insurance with respect to the distribution of any restitution funds (doc. 24). Specifically, "Restitution is to be paid to Thomas Ward first, then to the remaining victims on a pro rata basis." (Id., p. 3).

The United States filed a Notice of Lien for Fine and/or Restitution, stating:

> Pursuant to Title 18, United States Code, § 3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay a restitution.  The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it become unenforceable pursuant to § 3613(b).

(Doc. 30-1). The lien will expire by operation of law on June 18, 2032 (Id.)

Upon release from prison, Freeman began making restitution payments. She died September 30, 2019, with a balance of approximately $170,000.00. At death, she was unmarried, had one daughter, and owned a house on Gilbert Street in Saraland, Alabama. She did not leave a Last Will and Testament and no intestate estate was opened in the Mobile County Probate Court. By Quit Claim Deed, Freeman's daughter conveyed the house to Gilbert Street Realty, LLC (Gilbert) (doc. 30-2). Gilbert then negotiated a release of the restitution lien with the victims, who agreed to accept a total sum of $41,000.00.

Gilbert then filed a Motion for Release of Restitution Lien, supported by notice of Freeman's death and the victims' affidavits wherein they agree to accept their respective negotiated sums (docs. 27,, 27-1 thru 27-4). The United States opposed the motion (doc. 31). The motion was denied (doc. 36). The United States and Gilbert then negotiated a release of the lien as to the Gilbert Street property and now Gilbert has filed an Unopposed Motion for Partial Release of the Lien and Distribution of Restitution Amount (doc. 37). Gilbert states that the United States no longer opposes the release and has agreed to a partial release upon payment of the $41,000.00 to the Court (doc. 37). Gilbert moves the Court to

> enter an order partially releasing the Restitution Lien INSOFAR and ONLY INSOFAR, as it relates to the property located at 727 Gilbert Street, Saraland, Alabama 36571. [T]he legal description of which is shown above, upon the condition that the $41,000 be deposited into the registry of the Court, and that the funds placed into the registry of the Court be paid to the Victims as set forth in Paragraph 5 hereinabove.

(Doc. 37).

In paragraph 5, Gilbert reports that the victims agreed to the following distribution: Ward would receive $10,000; Regions Bank would receive $14,000.00; and Cincinnati Insurance

would receive $17,000.00 (Id.).  The distribution conflicts with the special conditions of supervised release in the judgment wherein Ward is the priority victim to be paid in full before Regions Bank or Cincinnati Insurance (doc. 24) ("Special Conditions" . . . Restitution is to be paid to Thomas Ward first, then to the remaining victims on a pro rata basis").

    B. Analysis

The recorded lien, which perfects the lien created by the restitution judgment, is in favor of the United States not the crime victims. 18 U.S.C. § 3618(c) (". . . an order of restitution made pursuant to sections … 3664 of this title, is a *lien in favor of the United States* on all property and rights to property of the person fined …") (italics added).  Therefore, the United States may partially release the lien, and according to the Motion, "the United States has agreed to a partial release of the lien against the subject property upon receipt of the funds as set out herein to the District Court Clerk for the Southern District of Alabama to be distributed to the Victims as noted herein." (doc. 37).  Gilbert has not provided any legal argument why this Court, in this procedural posture where the United States has already agreed to a partial release, should order a partial release of the lien.

As previously stated, Ward has priority over Regions Bank and Cincinnati Insurance for distribution of restitution funds paid into Court (doc. 24).  Gilbert moves for an order for distribution that is contrary to the judgment. This, effectively, is a motion to modify a final judgment.  However, in this circumstance, the Court has been unable to find any legal authority for modification.  In relevant part, in 18 U.S.C. § 3664(o), Congress explained that a "sentence that imposes an order of restitution is a final judgment notwithstanding the fact that (1) such a

3

sentence can subsequently be—a. corrected under Rule 35[1] of the Federal Rules of Criminal Procedure and section 3742[2] of chapter 235 of this title; b. appealed and modified under section 3742; c. amended under subsection 3664(k),[3] 3572,[4] or 3613A"[5].  However, none of the circumstances identified in those statutes are found in this action.

Thus, should Gilbert pay $41,000.00 into Court, and obtain the partial release to which the United States has agreed, Ward would be paid first until his restitution amount $42,898.81 is paid in full.  According to the United States' earlier response, Ward was paid $23,926.05 before Defendant Freeman's death, leaving a balance of $19,272.76 (doc. 31).  Thus, approximately $20,000 should be available for pro rata distribution to Regions Bank and Cincinnati Insurance.

**DONE** and **ORDERED** this 25th day of April 2022.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] In relevant part, Fed. R. Crim. P. 35 allows a correction of a clear error within fourteen days of entry of the judgment.  The award of restitution was not an error.

[2] 18 U.S.C. § 3742 provides for appellate review.  The judgment was not appealed.

[3] For 18 U.S.C. § 3664(k) to apply, the defendant must show a "material change in the defendant's economic circumstances."  However, the defendant is deceased. Also, this statute provides for an adjustment to the payment schedule, not a modification of victim priority.

[4] In 18 U.S.C. § 3572, modification or remittance under 18 U.S.C. § 3573 may be available.  That statute provides for the United States to file a petition for modification or remission in certain limited circumstance, none of which appear in this action.  Also, the United States' decision not to oppose a motion is not the same as the United States filing a petition for remission or modification.

[5] For 18 U.S.C. § 3613A to allow a modification, the Court must find the defendant in default.  However, the defendant is deceased.